UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21436-KING/DAMIAN

ARMANDO CABRERA,

    Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT [ECF NO. 20]**

THIS CAUSE is before the Court on the Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act, filed on September 20, 2023, by Plaintiff, Armando Cabrera ("Plaintiff"). [ECF No. 20 (the "Motion")]. Although Defendant did not file a response to the Motion, Plaintiff indicates that after counsel conferred regarding the Motion, Defendant indicated they are not opposed to the requested relief. *Id.* at 13.

The undersigned has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act be granted and that Plaintiff's Counsel be awarded $5,773.74 in attorney's fees and costs, after the Government determines whether Plaintiff owes a federal debt.

## I. BACKGROUND

On May 9, 2022, Plaintiff initiated this case by filing a Complaint under the Social Security Act seeking judicial review of the Commissioner's final decision denying his claim for disability benefits. [ECF No. 1]. On December 21, 2022, Plaintiff filed his Motion for Summary Judgment. [ECF No. 15]. Thereafter, on January 20, 2023, the Commissioner filed her Motion for Remand requesting that the Court enter a judgment reversing the final decision and remanding the case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). [ECF No. 16 (the "Motion for Remand")]. On February 16, 2023, the undersigned recommended the District Court grant the Motion for Remand. [ECF No. 17]. The District Court entered an Order Affirming and Adopting the undersigned's recommendation and granting the Motion for Remand on February 23, 2023. [ECF No. 18].

On September 20, 2023, Plaintiff filed the unopposed Motion now before the Court, requesting an award of $5,371.74 in attorney fees and $402 in costs as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 20]. In the Motion, Plaintiff's attorneys, Rogelio R. Oliver and Katherine O. Palacios-Moreno, request compensation for a total of 20.9 hours worked in 2022 at an hourly rate of $234.95 and 1.9 hours worked in 2023 at an hourly rate of $242.78. *Id.* at 2. More specifically, Mr. Oliver seeks compensation for 1.1 hours of work performed in 2022 and 0.6 hours of work performed in 2023. *Id.* 4. Ms. Palacios-Moreno, on the other hand, requests compensation for 19.8 hours of work performed in 2022 and 1.3 hours of work performed in 2023. *Id.* at 6.

## II.  DISCUSSION

### A.  *Plaintiff's Entitlement To EAJA Award*

Pursuant to the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *see also Delaney v. Berryhill*, No. 17-81332, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018) (Brannon, J.).

A plaintiff in a social security appeal prevails if the court orders a "sentence four remand." *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Delaney*, 2018 WL 7820219, at *1; *see also* 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). Furthermore, an EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Here, Plaintiff is the prevailing party in this case because on February 23, 2023, the Court reversed the decision of the Commissioner and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 18]. Plaintiff's Motion alleges that the Commissioner's position was not substantially justified, and as the Motion is unopposed, the Commissioner does not seek to show otherwise. Mot. at 8–9, 13.

Additionally, Plaintiff's net worth was less than $2 million when he filed the case (*id.* at 1), and this case does not appear to present any special circumstances.

The undersigned notes that a review of the record shows that Plaintiff's Motion was untimely because his EAJA request was due on May 24, 2023—ninety days from the District Court's February 23, 2023, Order granting the request for entry of a judgment [ECF No. 18].[1] *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) (citing Fed. R. App. P. 4(a)(1)(B)) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the end of the period for appeal, not the beginning."). Nonetheless, the requirements under Section 2412(d)(1(B) are not jurisdictional; they are ancillary to the Court's judgment. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004) ("The [EAJA's] 30-day deadline for fee applications . . . [is] not properly typed 'jurisdictional.'"). As it is the Government whose interests are protected by the Section's requirements, and here the Commissioner does not oppose Plaintiff's Motion, the undersigned finds the timing requirements have been waived. *See Miller v. Berryhill*, No. 8:17-CV-1470-T-AAS, 2019 WL 1586733 (M.D. Fla. Apr. 12, 2019) (granting motion for attorney's fees under EAJA when Commissioner did not oppose Plaintiff's untimely motion); *see*; *cf. Cruz v. Berryhill*, 347 F. Supp. 3d 1199 (S.D. Fla. 2018) (McAliley, J.), *report and recommendation adopted*, No. 16-CV-21307-KMM, 2018 WL 6620136 (S.D. Fla. Nov. 16,

---

[1] Arguably, Plaintiff may have been confused by the fact that although the Court granted the request for entry of judgment on February 23, 2023, the Court subsequently entered an Order Closing Case on September 11, 2023 [ECF No. 19], following which Plaintiff filed the Motion nine days later.

4

2018) (Moore, J.) (denying untimely fee motion where Commissioner opposed motion).

Thus, the undersigned finds that Plaintiff is entitled to an EAJA award. Having found that Plaintiff is entitled to an EAJA award, the undersigned next considers whether the amount of fees requested is reasonable.

### B. Reasonableness of Attorney's Fees Requested

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step is "to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman*, 836 F.2d at 1299. A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

### 1. Reasonable Hourly Rate And Cost-Of-Living Adjustment

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a

5

higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost-of-living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (Simonton, J.). The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer*, 958 F.2d at 1035 n.9. The fee award is adjusted for cost of living based on the time when the services were performed, not the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

As noted above, Plaintiff is represented by Rogelio R. Oliver, Esq., and Katherine O. Palacios-Moreno, Esq. [ECF No. 20 at 2]. According to Mr. Oliver's Declaration, he has been a licensed attorney since 1977 and has litigated over 6,000 Social Security disability cases. *Id.* at 3. Additionally, Mr. Oliver submitted a "Schedule of Hours" for his work in this case indicating that he dedicated 1.1 hours in 2022 and 0.6 hours in 2023. *Id.* at 4. According to Ms. Palacios-Moreno's Declaration, she has been a licensed attorney since 2013 and has litigated over 1,000 Social Security disability cases. *Id.* at 5. Her "Schedule of Hours" states that she dedicated 19.8 hours in 2022 and 1.3 hours in 2023. *Id.* at 6. Plaintiff's attorneys assert that the requested hourly rates—$234.95 for 2022 and $242.78 for 2023—reflect the cost-of-living adjustment for each of the years spent working on this matter. *Id.* at 9–10.

The undersigned accepts the proposed calculation of the hourly rate for each year and finds the hourly rates are reasonable.[2]

---

[2] Specifically, the figure for 2022 is calculated by taking the annual CPI rate for 2022 and subtracting from it the March 1996 rate (292.654 minus 155.7 equals 136.954) and then dividing that number by the March 1996 rate (136.954 divided by 155.7 equals 0.8796). This cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA (0.8796 multiplied by $125) plus $125 equals $234.95. *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?cu (last visited Oct. 4, 2023). The same methodology

### 2. Hours Reasonably Expended

The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (quotation marks omitted). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. A trial court is "itself an expert" on reasonable rates, and, therefore, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

---

is employed to calculate the figure for 2023 (302.407 minus 155.7 equals 146.707; 146.707 divided by 155.7 equals 0.942; $125.00 times 0.942 equals $117.78; $125.00 plus $117.78 equals $242.78).

Here, Plaintiff asserts that his counsel expended 22.8 hours in prosecuting this action. [ECF No. 20 at 2]. Plaintiff has provided the time records of his attorneys, Mr. Oliver and Ms. Palacios-Moreno, which contain a detailed breakdown of the tasks they each performed, when they performed them, and how long it took to complete them. *Id.* at 4, 6. Mr. Oliver's work on this case included meeting with Plaintiff regarding substantive and procedural issues in the case and the outcome of the litigation, and preparing the Complaint. *Id.* at 4. Ms. Palacios-Moreno's work on this case consisted of evaluating the underlying administrative record, reviewing case filings, preparing Plaintiff's Motion for Summary Judgment, and preparing the instant Motion. *Id.* at 6.

Drawing upon its own knowledge and expertise, this Court finds that the time expended in prosecuting this action is reasonable. Accordingly, Plaintiff should recover 20.9 hours for work performed in 2022 at an hourly rate of $234.95 and 1.9 hours for work performed in 2023 at an hourly rate of $242.78. Specifically, Plaintiff should recover $4,910.46 for work counsel performed in 2022 and $461.28 for work counsel performed in 2023. In sum, the undersigned finds that Plaintiff is entitled to recover a total attorney's fee award of $5,371.74.

### C. Other Expenses

Plaintiff also requests $402 as reimbursement for the filing fee paid in this case. Mot. at 1. The EAJA authorizes the award of costs and expenses. 28 U.S.C. § 2412(a)(1); *Saxon v. Comm'r of Soc. Sec. Admin.*, No. 21-14204-CIV, 2022 WL 1037058, at *3 (S.D. Fla. Mar. 17, 2022) (Maynard, J.), *report and recommendation adopted sub nom.*, *Saxon v. Kijakazi*, No. 21-

14204-CIV, 2022 WL 1027303 (S.D. Fla. Apr. 6, 2022). The Court finds that the requested amount of costs is reasonable and should be reimbursed to Plaintiff.

### D. Assignment of Fees to Plaintiff's Counsel

The undersigned next evaluates whether the award of attorney's fees should be payable to Plaintiff or Plaintiff's attorney. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98; *see also Romero v. Comm'r of Soc. Sec.*, No. 21-cv-22246, 2022 WL 2289222, at *4 (S.D. Fla. June 14, 2022) (Becerra, J.), *report and recommendation adopted*, 2022 WL 2290578 (S.D. Fla. June 24, 2022) (Martinez, J.).

For an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[3] *Milanes v. Berryhill*, No. 15-CV-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017) (McAliley, J.). However, the Government can waive the requirements of the

---

[3] The Anti-Assignment Act states in relevant part as follows:
> [A] transfer or assignment of any part of a claim against the United States Government . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *see also Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

In the Motion, Plaintiff requests that the fee award be paid directly to Plaintiff's lead counsel, Mr. Oliver. [ECF No. 20 at 11]. The Motion includes an assignment of EAJA fees (the "Assignment") executed by Plaintiff on January 30, 2023. [ECF No. 20-1]. Specifically, the Assignment states that Plaintiff "hereby assign[s] any court-awarded EAJA attorney fees to [his] attorney." *Id.* The Assignment is signed by both Plaintiff and her attorney. *Id.* As such, the undersigned interprets Plaintiff's reference to the Assignment as a request that the award of attorney's fees be directly payable to her attorney.

The undersigned notes that Plaintiff's Assignment fails to comply with the Anti-Assignment Act. Specifically, the Assignment does not satisfy the requirements of the Act because it: (1) was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, (2) was not attested to by two witnesses, and (3) was not certified by an official. Nevertheless, the Commissioner has not objected to the Assignment or to Plaintiff's request that the fee award be paid directly to Plaintiff's counsel. Consequently, even though the Assignment failed to comply with the requirements of the Anti-Assignment Act, as previously noted, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the

Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the Commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Act); *Romero*, 2022 WL 2289222 (same).

Accordingly, the attorney's fee award should be payable to Plaintiff's counsel subject to offset against any pre-existing debt Plaintiff may owe to the United States.

### IV.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act [ECF No. 20] be **GRANTED** and that the Court award $5,371.74 in attorney's fees and $402 in costs, for a total award of $5,773.74, which should be made payable to Plaintiff's counsel, Mr. Rogelio R. Oliver, after the Government determines whether Plaintiff owes a federal debt.

The parties will have **five (5) days**[4] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of

---

[4] The undersigned has shortened the objection period because the Motion before the Court is unopposed, and the undersigned has recommended that the full amount of fees requested be awarded.

11

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 5th day of October 2023.

                                       _____
                                       MELISSA DAMIAN
                                       UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. James Lawrence King, *U.S. District Judge*
Counsel of Record